UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WFG National Title Insurance Company, | Case No. 2:25-cv-00933-JCM-BNW |
| Plaintiff, | |
| v. | ORDER |
| Keejon Markeese Shields, et al.<br>Defendants. | |

Before the Court is Plaintiff WFG National Title Insurance Company's motion to extend the time for service upon Defendant Daniel Torres. ECF No. 18. Because Plaintiff has shown that its failure to serve Torres by the deadline was due to good cause the Court exercises its discretion to grant Plaintiff's motion and extend the service deadline by 45 days. *See* Fed. R. Civ. P 4(m).

**I.  Background.**

Plaintiff filed its complaint in May 28, 2025, with proof of service due August 26, 2025. ECF No. 1. It filed the instant motion the day proof of service was due but did not request a specific number of days for the extension. ECF No. 18.

**II. Discussion.**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Failure to do is cause for dismissal without prejudice. *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* If the 90-day service period has expired, the district court may extend time for service of process retroactively. *See Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Courts must determine good cause on a case-by-case basis. *Id.* Generally, good cause is

equated with diligence and requires more than inadvertence or mistake of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).

Here, Plaintiff states that good cause exists for the extension of time because it reasonably believed that Defendants Torres and Emili Y Perez-Roman resided at the same address based on a residential purchase agreement and follow-up emails. ECF No. 18 at 2. But when Plaintiff attempted service on both Torres and Perez-Roman at that address, Perez-Roman told it that Torres did not reside with her. ECF No. 18 at 2. Perez-Roman did not know Torres's address, so Plaintiff initiated an address search and located the correct address at which to serve him. *Id.* Now Plaintiff is attempting to serve Torres at the correct address, but the time to effectuate service has expired. *See* FED. R. CIV. P. 4(m). Because Plaintiff has shown that it acted diligently, this Court finds good cause exists to extend the time for service.

**Conclusion.**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Extend the Time for Service (ECF No. 18) is GRANTED. Service upon defendants must be complete by October 14, 2025.[1]

DATED: August 28, 2025.

t

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court's 45-day deadline falls on October 12, 2025, which is a Sunday, and the following day, October 13, 2025, is a holiday. As a result, this Court extends the deadline to the next court day, Tuesday, October 14, 2025.