1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

| | |
|---|---|
| WFG NATIONAL TITLE INSURANCE COMPANY, | Case No.2:25-CV-933 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| KEEJON MARKEESE SHIELDS, et al., | |
| Defendant(s). | |

8

9

10

11

12

13

14

Presently before the court is plaintiff WFG National Title Insurance Company

15

("plaintiff")'s motion for interpleader disbursement of disputed ownership funds.  (ECF No. 32).

16

Defendants Keejon Shields, Emili Perez-Roman, and Daniel Torres (collectively "defendants")

17

did not oppose plaintiff's motion.

18

**I.      Background**

19

This action arises over the disposition of a $5,000 earnest money deposit ("EMD") held by

20

plaintiff in connection with the failed sale of a residential property.  (ECF No. 1 at 2).

21

On or about June 6, 2023, defendant Shields (buyer) and defendants Perez-Roman and

22

Torres (sellers) entered into a residential purchase agreement for the property with a purchase price

23

of $400,000.  (*Id.*).  Shields deposited the EMD as provided for in the purchase agreement.  (*Id.*).

24

On or about July 10, 2023, Shields executed a cancellation of purchase agreement, which

25

included instructions to cancel escrow.  (*Id.* at 3).  Perez-Roman and Torres refused to execute the

26

cancellation, resulting in conflicting instructions regarding the disposition of the EMD.  (*Id.*).

27

Plaintiff attempted to contact both parties to see if mutual agreement could be reached to release

28

the funds.  (*Id.*).

Plaintiff believes that the parties to the escrow transaction may both assert claims with regards to the funds it holds.  (*Id.*).  Plaintiff claims no interest in the funds and because of the conflicting demands, it cannot determine to whom the funds should rightfully be delivered to. (*Id.*).

Plaintiff remains in possession of the EMD funds and is ready, willing, and able to deposit the EMD funds with the clerk of court and seeks a judicial determination as to the rightful recipient. (*Id.*).  Plaintiff requests that the court authorize it to deposit the EMD into the court's registry, discharge and dismiss it from this action with prejudice, enjoin defendants from instituting or maintaining any further proceedings against it relating to the disputed funds, and award it attorney's fees and costs.  (ECF No. 32 at 1).

Since defendants did not file anything in opposition of plaintiff's motion, it is GRANTED as unopposed.  *See* Local Rule 7-2(d); *see also Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962) (explaining that district courts, in interpleader actions, "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment" (citing 28 U.S.C. § 2361)).

Interpleader plaintiffs who are "disinterested in the ultimate disposition of the fund" are entitled to an award of attorney's fees "incurred in filing the action and pursuing ... release from liability."  *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.).  Attorney's fees are "paid from the interpleaded fund itself."  *Id.* at 427.

Here, plaintiff's attorney's fees are $4,870.  (ECF No. 32, Ex. 2). Plaintiff's costs are $534.49.  (*Id.*).  Given that the amount of attorney's fees and costs exceeds the $5,000 EMD plaintiff currently holds, plaintiff is permitted to apply the balance to its attorney's fees and costs and is dismissed from the action without depositing any amount.

**II.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for interpleader disbursement of disputed ownership funds (ECF No. 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff is dismissed from this action with prejudice and defendants are enjoined from pursuing any further claims or proceedings against plaintiff relating to the EMD deposit or the underlying transaction.

DATED January 6, 2026.

_____
UNITED STATES DISTRICT JUDGE